UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY RICHARD SHUKIS,

    Defendant.

_____/

    Hon. Paul L. Maloney

    Case No. 1:19-cr-00194

<b><u>REPORT AND RECOMMENDATION</u></b>

Pursuant to W.D.Mich. LCrR. 11.1, I conducted a plea hearing in the captioned case on January 8, 2020, after receiving the written consent of defendant and all counsel. At the hearing, defendant Jeffrey Richard Shukis entered a plea of guilty to Count 1 of the Superseding Indictment in exchange for the undertakings made by the government in the written plea agreement. In Count 1 of the Superseding Indictment, defendant is charged with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count 1 of the Superseding Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea,

adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Dated: January 8, 2020  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).